**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50222 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01336-CJC-1 |
| v. | |
| RUMALDO GARZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 8, 2010
Pasadena, California

Before: B. FLETCHER, BERZON, and CALLAHAN, Circuit Judges.

Rumaldo Garza challenges his twelve-year sentence following his

conviction for receiving child pornography. We affirm his sentence.

**1.** Because Garza did not challenge the enhancements for materials

portraying sadistic or masochistic conduct and for using a computer in the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court, his challenge is reviewed under the plain error standard. *See United States v. Autery*, 555 F.3d 864, 873 (9th Cir. 2009). First, U.S.S.G. § 2G2.2 (b)(4) provides for a four-level enhancement for materials portraying sadistic or masochistic conduct. The offense for which Garza was convicted, receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), covers materials that are not necessarily sadistic or masochistic. The record shows that some of the images received by Garza portrayed sadistic or masochistic conduct. *See United States v. Rearden*, 349 F.3d 608, 615-16 (9th Cir. 2003). Second, U.S.S.G. § 2G2.2(b)(6) provides for a two-level enhancement for use of a computer. Garza not only received child pornography on his computer, he used it to send pornography to minor girls. Garza has not shown that the application of the two enhancements was plain error.

**2.** Garza has not shown that the district court failed to properly consider the factors set forth in 18 U.S.C. § 3553(a). A sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The sentencing hearing shows that the district court carefully considered Garza's arguments as well as the Probation Office's position and adequately explained the sentence imposed.

2

**3.** Garza has not shown that he is entitled to any relief based on the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Although the initial calculation of the maximum sentence in the Pre-Sentence Report arguably exceeded the 240-month statutory maximum sentence for the underlying crime, Garza was sentenced to only 144 months of incarceration. The Ninth Circuit has "held repeatedly that a defendant cannot obtain relief under *Apprendi* when his sentence does not exceed the statutory maximum authorized by the jury's verdict." *United States v. Saya*, 247 F.3d 929, 942 (9th Cir. 2001).

**4.** Garza's plea was not improperly induced by a meaningless promise not to prosecute. The Government could have prosecuted Garza for the uncharged crime of enticing a minor and for his possession of child pornography images not covered by the Information without violating the double jeopardy clause. *See generally United States v. Schales*, 546 F.3d 965, 977-980 (9th Cir. 2008).

**5.** The Plea Agreement did not bar the Government from defending the district court's sentence on appeal. The Plea Agreement recognized that the district court was not obligated to adopt the agreed upon five-year sentence, and as agreed to in the Plea Agreement, the U.S. Attorney urged the district court to adopt the agreed-upon sentence. But the Plea Agreement also stated that both Garza and the Government would be free to argue on appeal that the district court's

3

Sentencing Guidelines calculations were not error, which is what the Government has done here. Garza has not pointed to anything in the Plea Agreement or our precedent that supports his argument that the U.S. Attorney may not defend the district court's sentence before this court.

For the foregoing reasons, Rumaldo Garza's sentence is **AFFIRMED**.